# Hale v. Hale.

(Decided October 2, 1931.)

D. G. BOLEYN for appellant.

ADAM CAMPBELL and JOHN W. CAUDILL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

The appellant brought this suit against the appellee for divorce on the ground of abandonment. The appellee by answer and counterclaim denied the abandonment and in turn sought a divorce on the ground that the appellant had abandoned her. She also prayed for alimony for the support of herself and an infant child of the parties. On final hearing the court denied both parties the divorce they respectively sought, but adjudged the appellee the sum of $30 a month for the support of herself and the infant child mentioned. From that judgment appellant prosecutes this appeal, but appellee has prosecuted no cross-appeal.

The appellant and appellee were married while the appellant was a student in the Carr Creek Community Center School. At that time he was not even self-supporting and was employed at no gainful occupation. He and the appellee agreed that until he finished school he would live with his people and she with hers. The following winter the appellant became a member of the basketball team of this school which won the Class B Championship of the State of Kentucky and later played

in the National Tournament at Chicago. At the time he went to Chicago with his team, his wife was expecting the child which was later born. On his return she had him arrested for deserting her while pregnant. He thereupon offered to take her to the home of his parents to live with him while he completed his studies in school. She offered to go to live with him anywhere except with his people. She declined to live with them. He declined to live elsewhere, and as a result, the parties did not live together any more. This suit for divorce was later filed.

Appellant insists that it is the duty of the wife to live in the home provided for her by her husband, and that appellee having declined to go to his home and live with his people while he was finishing school, she was guilty of desertion. The rule is not quite as broad as appellant states it. While it is true that the general rule is that it is the duty of the wife to live in the domicile provided for her by her husband, yet she cannot be compelled to live in a domicile with his parents if, as this record establishes, the parents are hostile to her and are unwilling to have her live with them. See Garrison v. Garrison, 104 S. W. 980, 31 Ky. Law Rep. 1209. The appellee was willing to live with the appellant anywhere except in the home of his father and mother, and under the facts of this case, appellant had no right to insist upon her doing so. Hence she was not guilty of desertion.

So far as the alimony is concerned, while it is true the appellant is not earning anything and is a student at school, yet he knew when he married that he was taking upon himself the obligations of a head of a family and that it was his duty first to support his wife and any child that might be born. If he chose with this knowledge to marry, he cannot now complain that he must perform these obligations even at the risk of curtailing his educational program. In the light of his mental ability and physical prowess, we see no reason to disturb the allowance of $30 a month made by the court.

The judgment is affirmed.